UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAYFLOWER TRANSIT, LLC
1 Mayflower Drive
Fenton, MO 63026

    Plaintiff,

vs.

SAMUEL HUNTER POWERS
1 Henderson St. E., Unit A
Wrightsville Beach, NC 28480

    Defendant.

Case No. _____

## COMPLAINT

Plaintiff Mayflower Transit, LLC (hereinafter "Mayflower"), by and through undersigned counsel, and for its Complaint against Samuel Hunter Powers (hereinafter "Powers") does hereby state and allege as follows:

### Parties

1. Mayflower is a Missouri limited liability company with its principal place of business in Fenton, Missouri. Mayflower is a motor carrier of household goods and personal property by the authority of the Surface Transportation Board and the I.C.C. Termination Act of 1995, 49 U.S.C. § 13101 et. seq.

2. Defendant Samuel Hunter Powers is an individual who resides at 1 Henderson St. E, Unit A, Wrightsville Beach, NC.

3. Based upon information and belief, Defendant Powers is not a member of the Armed Services pursuant to the Soldiers and Sailors Act.

1

**Jurisdiction and Venue**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

5. This action involves the collection of interstate tariff charges for a shipment moving in interstate commerce pursuant to the Interstate Commerce Act, 49 U.S.C. §§ 14705, 13706 and 13702.

6. The matter complained of herein and the liability of Defendant arises from the interstate carriage of household goods and personal property.

7. 28 U.S.C. §§ 1331 and 1337 confer original jurisdiction upon these actions arising under the Acts of Congress regulating commerce, regardless of the amount in controversy.

8. Venue is proper in the U.S. District Court for the District of Columbia because a substantial part of the events or omissions giving rise to the claim occurred in this venue. 28 U.S.C. § 1391(b).

**CLAIM FOR RELIEF**

**(Breach of Interstate Transportation Contract)**

9. Mayflower repeats and realleges paragraphs 1 through 8 of the Complaint as though fully set forth herein.

10. The matter complained of herein and the liability of Defendant is predicated upon the interstate transportation of property by Mayflower, pursuant to a Bill of Lading and Mayflower's duly published tariff incorporated therein by reference.  49 U.S.C. §§ 13702 and 13706.

11. On or about May 21, 2021, Defendant entered into and accepted a contract with Mayflower for the interstate shipment of his personal property and household goods from Washington, DC to Wrightsville Beach, North Carolina.  The contract, Order for Service/Bill of Lading No. 1123-1113-1 ("Bill of Lading"), incorporates by reference

Mayflower's published tariff. See Appendix A.

12. The following terms are printed in Section 7 of the Bill of Lading entered into between Mayflower and Defendant:

> Customer, Consignor upon tender of the shipment to Carrier, and the Consignee upon acceptance of delivery of shipment from Carrier, shall be jointly and severally liable for all freight and other charges accruing on account of a shipment in accordance with applicable tariffs or contract rate schedules, including all sums advanced or disbursed by Carrier on account of such shipment. The owner of the goods and/or beneficiary of the services acknowledges he/she remains primarily liable for payment….

13. Defendant tendered to Mayflower his household goods and personal property for subsequent interstate transit from Washington, DC to North Carolina.

14. On or about June 20, 2021, Mayflower delivered the tendered household goods and personal property to Defendant at Wrightsville Beach, North Carolina, pursuant to the Bill of Lading. See Appendix A.

15. The interstate tariff transportation charges, in the total amount of $17,306.22, are due from the interstate carriage of Defendant's household goods and personal property from Washington, DC to Wrightsville Beach, North Carolina.

16. The interstate transportation services for carriage of Defendant's personal property and household goods were performed in accordance with the Bill of Lading and Mayflower's tariff provisions incorporated therein.

17. Defendant was the actual and beneficial owner or legal possessor and consignee of the household goods and personal property for which the interstate transportation services were provided by Mayflower, pursuant to the Bill of Lading. In accordance with 49 U.S.C. §§ 13702 and 13706, Mayflower is obligated to collect, and Defendant is obligated to pay, the full applicable tariff charges due.

18. Mayflower has performed all the terms and conditions set forth in the Bill of Lading and there is due and owing the sum of $17,306.22 as unpaid tariff transportation charges.

19. Despite timely and repeated demands, Defendant has breached the Bill of Lading by failing and/or refusing to pay Mayflower the outstanding transportation charges. Defendant is liable to Mayflower in the sum of $17,306.22, pursuant to the terms of the Bill of Lading and the I.C.C. Termination Act of 1995, §§ 49 U.S.C. 13706 and 13707.

20. The unpaid amounts owed are liquidated amounts which became due on specified dates; thus, Mayflower is entitled to pre-judgment interest at the highest rate allowed by law on all such obligations from the dates in which they became due through the date of judgment.

## PRAYER FOR RELIEF

Mayflower prays for the entry of a judgment against Defendant, as follows:

A.  For actual damages in the amount of $17,306.22.

B.  Interest at the highest rate allowed by law from the relative dates to the date of judgment.

C.  For costs of this action; and/or for such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Husk
John T. Husk, Esq., DC Bar #434714
Jeffrey E. Cox, Esq., DC Bar #992019
Law Office of Seaton & Husk, LP
2240 Gallows Road
Vienna, VA 22182
Tel: 703-573-0700; Fax: 703-573-9786
johnhusk@transportationlaw.net
jeffcox@transportationlaw.net

*Counsel for Mayflower Transit, LLC*